IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01472-REB-MJW

RICARDO V. JOHNSON,

Plaintiff(s),

v.

MICHELLE TAYLOR, SERGEANT;
KEVIN DUTY, C.O.; and,
JOSHUA ADAMS, C.O.,

Defendant(s).

**RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR
SUMMARY JUDGMENT (Docket No. 13)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case was referred to this court pursuant to an Order of Reference to United States Magistrate Judge issued by Judge Robert E. Blackburn on August 2, 2011 (Docket No. 8).

The pro se incarcerated plaintiff, Ricardo V. Johnson, asserts the following in his Prisoner Complaint, which appears to be brought pursuant to 42 U.S.C. § 1983. (Docket No. 1). On February 6, 2010, plaintiff was told to back out of his cell after he had already been handcuffed. After the cell door was opened, he was pushed and pulled from behind back out of the cell. Defendant corrections officer Joshua Adams then shoved plaintiff into the wall. Defendant corrections officer Kevin Duty then asked defendant Sergeant Michelle Taylor if plaintiff should be taken down, and she said yes.

2

Duty then body slammed plaintiff on the ground and put him in a choke hold while Taylor held plaintiff's feet down. Duty then grabbed plaintiff by the hair, slammed his face on the concrete multiple times, cracking plaintiff's cheek bone and giving him a concussion, and then kicked or kneed plaintiff in the face. Plaintiff begged for his life, told them he could not breath, passed out, came to, and was still being choked while Taylor held his feet until "the Goon Squad" showed up. When he was picked up, he dislocated his shoulder. He raises a claim of excessive force against each of the three defendants, and it appears from the first page of the Complaint that he is also raising state law claims of assault and battery. (See Docket No. 1 at 1). His requested relief is that all three defendants be fired and that he receive restitution for his back state pay which he has not been receiving to purchase basic hygiene items and special diet foods, for the four stamps, a flex pin, and one soap dish which were taken for him when he went to the hole, and for his legal costs of $30.31.

Now before the court for a report and recommendation is the defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (Docket No. 13). Plaintiff has not filed a response to this motion. The court has carefully considered the defendants' motion, the court's file, and applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings, conclusions of law, and recommendation that the defendants' motion be granted.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ.

3

P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, – F.3d –, 2012 WL 364058, at *2 (10th Cir. Feb. 6, 2012). The Circuit court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the

4

*Twombly/Iqbal* standard is 'a wide middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, supra at *2 (quoting Iqbal, 129 S. Ct. at 1949)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial." Robertson v. Board of County Comm'rs of the County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares

v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)). "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. . . . These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'" Southway v. Central Bank of Nigeria, 149 F. Supp.2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003). However, "[i]n order to survive summary judgment, the content of the evidence that the nonmoving party points to must be *admissible*. . . . The nonmoving party does not have to produce evidence in a form that would be admissible at trial, but '"the content or substance of the evidence must be admissible."' . . . Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because 'a third party's description of a witness' supposed testimony is "not suitable grist for the summary judgment mill."'" Adams v. American Guarantee & Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Southway, 149 F. Supp.2d at 1273. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . . Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id.; Robertson, 78 F. Supp.2d at 1146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

6

250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Southway, 149 F. Supp.2d at 1274. "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." Id. at 1273.

Since the plaintiff is not an attorney, his pleading and other papers have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

Defendants first assert that the plaintiff failed to exhaust his administrative remedies relating to his claims against the defendants. The Prison Litigation Reform Act ("PLRA"), see 42 U.S.C. § 1997e(a), requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." Beaudry v. Corrections Corp. of Am., 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). Section "1997e(a)'s exhaustion requirement applies to all prisoners seeking

redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 741 (2001)). The Supreme Court has stated: "[W]e stress the point . . . that we will not read futility or other exceptions into [the PLRA's] statutory exhaustion requirement." Booth, 532 U.S. at 741, n.6. "In *Booth*, the Supreme Court explained that one of the purposes of the exhaustion requirement is to force an inmate to go through the administrative process which in turn might afford prison officials the opportunity to take some corrective action that would preclude litigation." Beaudry, 331 F.3d at 1167.

The CDOC has a multi-step administrative grievance process available to inmates set forth in its regulations which entails a three-step written grievance procedure. See CDOC Administrative Regulation 850-04 (Docket No. 13-1 at 4-18). The Tenth Circuit has found that an inmate must appeal his grievance through all available channels to exhaust his administrative records fully. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.").

The "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). As an affirmative defense, "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir.

8

2007). "When raising an affirmative defense in a motion for summary judgment, '[t]he defendant . . . must demonstrate that no disputed material fact exists regarding the affirmative defense asserted.' . . . 'If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact.' . . . 'If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is entitled to summary judgment as a matter of law.'" Sparks v. Foster, 241 Fed. Appx. 467, 472, 2007 WL 1748509, at *4 (10th Cir. 2007) (quoting Hutchinson v. Pfeil, 105 F.3d 562, 564 (10th Cir. 1997)). This court finds that the plaintiff has not made such a showing.

Defendants have submitted the Affidavit of Anthony DeCesaro, a CDOC Step 3 Grievance Officer, who states that the plaintiff failed to file a Step 3 grievance concerning his allegations of excessive force, assault, or battery by the defendants. (Docket No. 13-1 at 2, ¶¶ 10-12). Plaintiff has not responded to the defendants' motion, and thus has not disputed defendants' showing that plaintiff has not exhausted his administrative remedies. Because plaintiff did not fully exhaust his claims, his claims pursuant to § 1983 should be dismissed.

Next, defendants assert that to the extent the plaintiff has brought state tort claims for assault and battery, such claims are barred by the Colorado Governmental Immunity Act ("CGIA"). According to the CGIA, any person bringing a tort claim against the state, a state agency, or a state employee must comply with the notice requirements set forth therein. § 24-10-109, C.R.S. The notice of claim provision requires "[a]ny person claiming to have suffered an injury . . . shall file a written notice as provided in this section within one hundred eighty days after the date of the discovery of the injury."

9

§ 24-10-109(1), C.R.S. "[T]he failure to substantially comply with the notice of claim provision is a complete defense to any action subject to section 24-10-109 C.R.S." State Personnel Bd. v. Lloyd, 752 P.2d 559, 562 (Colo. 1988). See Maestas v. Lujan, 351 F.3d 1001, 1014 (10th Cir. 2003) ("failure to comply with the 180-day period is an absolute bar to suit"). Here, defendants have shown by the Affidavit of Stacy Mortenson, the Custodian of Records for Notices of Intent to Sue for the Colorado Attorney General's Office, that the plaintiff has not filed the requisite Notice concerning his allegations that he was subjected to excessive force, assault, or battery by the defendants. (Docket No. 13-2). Plaintiff has not controverted this Affidavit. Therefore, this court finds that it lacks subject matter jurisdiction over the plaintiff's state tort claims.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Docket No. 13) be **granted**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

10

**(1985), and also waives appellate review of both factual and legal questions.**

**<u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  March 20, 2012                                       <u>s/ Michael J. Watanabe    </u>
       Denver, Colorado                                      Michael J. Watanabe
                                                             United States Magistrate Judge