**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-01472-REB-MJW

RICARDO V. JOHNSON,

    Plaintiff,

v.

SGT. MICHELLE TAYLOR,
C.O. KEVIN DUTY, and
C.O. JOSHUA ADAMS,

    Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

This matter is before me on the following: (1) the defendants' **Motion To Dismiss or, in the Alternative, Motion for Summary Judgment** [#13][1] filed October 3, 2011; and (2) the **Recommendation on Defendants' Motion To Dismiss or, in the Alternative, Motion for Summary Judgment (Docket No. 13)** [#15] filed March 20, 2012, which addresses the motion to dismiss or for summary judgment.

The plaintiff is proceeding *pro se*. Thus, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519,

---

[1] "[#13]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

No objections to the recommendation have been filed. Thus, I review it only for plain error. **See Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005).[2]  Finding no error, much less plain error, in the magistrate judge's recommended disposition of this case, I find and conclude that the recommendation should be approved and adopted as an order of this court.

The magistrate judge concludes that the defendants' motion should be granted as to the plaintiff's claim or claims under 42 U.S.C. § 1983 because the record in this case demonstrates that the plaintiff failed to exhaust his administrative remedies as to his § 1983 claim or claims.  Exhaustion of administrative remedies is required by 42 U.S.C. § 1997e(a).  The magistrate judge concludes also that the plaintiff's state law claims for assault and battery because those claims are barred by the Colorado Governmental Immunity Act.

The defendants arguments are based on facts established in affidavits attached to the defendants' motion.  Thus, it is appropriate to resolve the defendants' motion as a motion for summary judgment under FED. R. CIV. P. 56.  Viewing the undisputed facts in the record in the light most favorable to the plaintiff, I agree with the magistrate judge that the defendants' motion must be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation on Defendants' Motion To Dismiss or, in the Alternative, Motion for Summary Judgment (Docket No. 13)** [#15] filed March 20, 2012, is **APPROVED** and **ADOPTED** as an order of this court;

---

[2]  This standard pertains even though plaintiff is proceeding *pro* se in this matter.  **Morales-Fernandez**, 418 F.3d at 1122.

2

2. That under FED. R. CIV. P. 56, the defendants' **Motion To Dismiss or, in the Alternative, Motion for Summary Judgment** [#13] filed October 3, 2011, is **GRANTED**;

3. That this case is **DISMISSED** with prejudice;

4. That under FED. R. CIV. P. 58, **JUDGMENT SHALL ENTER** in favor of the defendants, Michelle Taylor, Sergeant, Kevin Duty, C.O., and Joshua Adams, C.O., against the plaintiff, Ricardo V. Johnson; and

5. That defendants are **AWARDED** their costs, to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated September 14, 2012, at Denver, Colorado.

**BY THE COURT:**

_Bob Blackburn_
Robert E. Blackburn
United States District Judge